UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS GOGERT,<br><br>    Plaintiff,<br><br>v.<br><br>REGIONAL TRUSTEE SERVICES, INC., et al.,<br><br>    Defendants. | CASE NO. C11-1578JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO QUASH AND DENYING PLAINTFF'S MOTION TO REMAND |

## I.    INTRODUCTION

This matter comes before the court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to quash Plaintiff Thomas Gogert's notice of voluntary dismissal (Dkt. # 20) and Mr. Gogert's motion to remand (Dkt. # 10). Having considered the parties' briefing, the balance of the record, and the relevant law, and neither party having requested oral argument, the court GRANTS Wells Fargo's motion to quash and

DENIES Mr. Gogert's motion to remand.[1]

## II. BACKGROUND

The underlying dispute in this action involves a loan provided to Mr. Gogert by World Savings Bank F.S.B. ("World Savings"), a named defendant. On December 17, 2007, Mr. Gogert executed a promissory note to obtain a loan from World Savings in the amount of $375,000.00. (Grissendanner Decl. (Dkt. # 2) Ex. A.) The loan was used to purchase a multi-unit apartment complex in Shoreline, Washington. (*Id.*) On the same date, Mr. Gogert also executed a deed of trust to secure his loan obligations. (Grissendanner Decl. Ex. B.) The trustee listed on the deed of trust dated December 17, 2007 was First American Title Insurance Company, a California Corporation. (*Id.*) However, Regional Trustee Services Corporation ("RTSC"), a Washington corporation, was appointed successor trustee pursuant to an appointment of successor of trustee filed January 11, 2011. (RTSC Joinder to Mot. to Dismiss (Dkt. # 18) Ex. A.)

Shortly after Mr. Gogert obtained the loan from World Savings, the bank changed its name to Wachovia Mortgage and subsequently merged into Wells Fargo. (Grissendanner Decl. ¶ 4.) Wachovia Mortgage continues to operate as a division of Wells Fargo known as "Wachovia Mortgage." (*Id.*)

Following the execution of the loan agreement and the deed of trust, Mr. Gogert defaulted on his loan. (Resp. to Mot. to Remand (Dkt. # 11) at 2.) As a result, the trustee

---

[1] Wells Fargo's motion to dismiss and/or for summary judgment (Dkt. # 13) is also pending before the court and will be addressed in a subsequent order.

filed a notice of trustee's sale on April 27, 2011.  (*Id.*)  At that time, Mr. Gogert had only paid $23,578.02 on the loan.  (*Id.*)

Before the scheduled date of the trustee's sale, Mr. Gogert filed a complaint in King County Superior Court to quiet title and restrain the trustee's sale.  (Comp. (Dkt. # 1-1).)  Well Fargo then removed the action to this court on diversity grounds.  (Not. of Removal (Dkt. # 1).)  Mr. Gogert responded with a motion to remand.  (Mot. to Remand (Dkt. # 10).)  Wells Fargo subsequently filed a motion to dismiss and/or for summary judgment.  (Mot. to Dismiss (Dkt. # 13).)  Mr. Gogert did not respond to that motion, but instead filed a notice of voluntary dismissal (Not. of Dismissal (Dkt. # 19)), which prompted Wells Fargo's motion to quash (Mot. to Quash (Dkt. # 20)).  Mr. Gogert did not respond to the motion to quash.

### III.     ANALYSIS

**A.  Motion to Quash**

Under Federal Rule of Civil Procedure 41(a)(1), a party may not voluntarily dismiss an action, absent a court order, after a defendant has filed a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Rule 41(a)(1) states in pertinent part, "Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[2]  Fed. R. Civ. P. 41(a)(1)(A)(i).  As noted above, Wells Fargo filed a motion for summary

---

[2] Rules 23(e), 23.1(c), 23.2. and 66 are not applicable to the instant dispute.

judgment before Mr. Gogert filed its notice of voluntary dismissal. Accordingly, Mr. Gogert's notice of voluntary dismissal does not comply with Rule 41(a)(1)(A)(i), and is therefore improper. Because Wells Fargo has filed a motion for summary judgment, Mr. Gogert must move the court for an order dismissing his case pursuant to Rule 41(a)(2).[3] He has not done so, therefore this action remains before the court.[4]

Mr. Gogert argues, however, that Rule 41(a)(1)(A)(i) does not apply because Wells Fargo was never properly served and therefore is not a valid party in this action. (Not. of Dismissal at 1.) This case presents the uncommon situation of a plaintiff—rather than a defendant—challenging service. The parties have not brought any case law to the court's attention that addresses whether a defendant may remove a case to federal court prior to formal service of the summons and complaint, nor has the court found any. Given the absence of case law supporting Mr. Gogert's position that this court lacks jurisdiction over Wells Fargo despite Wells Fargo's appearance and participation in this matter, the court declines to find that Mr. Gogert's notice of voluntary dismissal was effective.

The court's conclusion is buttressed by Federal Rule of Civil Procedure 12(h)(1). Pursuant to Rule 12(h)(1), a defendant waives the right to challenge service by

---

[3] "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

[4] In its briefing, Wells Fargo asserts that even if Mr. Gogert had requested a court order dismissing the action pursuant to Rule 41(a)(2) such a motion should be denied. Because a motion under Rule 41(a)(2) has not been filed, the court declines to rule on the validity of such a motion.

failing to raise that defense in its first responsive pleading. *Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) ("Under Rule 12(h)(1), [the defendant] has waived any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b).") (citing Fed. R. Civ. P. 12(b), (h)(1)(A)). Here, Wells Fargo did not challenge the validity of service in its combined motion for dismissal and/or summary judgment. (Mot. to Dismiss.) Rather, Wells Fargo filed a waiver of service. (Waiver of Service (Dkt. # 12).) Thus, Wells Fargo has submitted itself to the jurisdiction of this court, and the court grants its motion to quash.

**B. Motion to Remand**

Given the court's ruling on Wells Fargo's motion to quash, Mr. Gogert's motion to remand this matter to state court remains pending before the court. Mr. Gogert makes three arguments for why this case should be remanded. First, he asserts that the court does not have jurisdiction pursuant to the prior exclusive jurisdiction doctrine. (Mot. to Remand at 2.) Next, he argues that diversity jurisdiction does not exist because RTSC, a named defendant, is a Washington corporation and not a nominal party. (Reply to Mot. to Remand (Dkt. # 14) at 2.) Finally, he contends that Wells Fargo fraudulently misrepresents its status in the litigation because it was never formally served.[5] (*Id.* at 1.)

---

[5] Mr. Gogert also states in his motion to remand that his complaint raises only state law claims. (Mot. to Remand at 2-3). Mr. Gogert, however, does not argue that the lack of federal question jurisdiction necessitates remand. Indeed, such an assertion would not be correct because, as explained below, the court concludes that it has diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) ("[D]istrict courts have original jurisdiction of all civil actions where the matter in

ORDER - 5

As explained below, the court finds all three arguments unpersuasive and thus denies the motion to remand.

**1. The Prior Exclusive Jurisdiction Doctrine**

Contrary to Mr. Gogert's assertions, the prior exclusive jurisdiction doctrine does not apply to the present case. The doctrine applies to preclude a court's jurisdiction "where parallel state and federal proceedings seek to 'determine interests in specific property as against the whole world' (in rem), or where 'the parties' interests in the property . . . serve as the basis of the jurisdiction' for the parallel proceedings (quasi in rem)." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) (quoting *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 811 (9th Cir. 2003)). Thus, under the doctrine, which is a mandatory jurisdictional requirement, "when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res.*" *Id.* at 1043 (citing *Marshall v. Marshall*, 547 U.S. 293, 311(2006)). Therefore, the doctrine does not apply when a single case is removed from state court to federal court. *March v. Pinnacle Mortg. of Nev.*, No. 3:11-cv-319-RCJ-VPC, 2011 WL 4809198, at *4 (D. Nev. Oct. 7, 2011) ("Here, there is only one proceeding and Defendants have removed that proceeding to this court. As such, the prior exclusive jurisdiction doctrine does not apply. Accordingly, the court denies the motion to remand."); *Karl v. Quality Loan Serv. Corp.*, No. 3:10-cv-00473-RCJ-VPC, 2011 WL 2792393, at *3 (D. Nev. July 14, 2011) ("The

---

controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between . . . citizens of different states.").

court does not lack jurisdiction under the prior exclusive jurisdiction doctrine simply because the present case originated in state court. Plaintiff fails to distinguish between the situation where a federal action is parallel to another, separate state court action . . . and the situation here, where the sole state court action is removed to federal court.").

As noted above, in the present case, Mr. Gogert brought a single action in state court that was later removed to federal court. Consequently, the prior exclusive jurisdiction doctrine does not apply because there is no separate parallel proceeding. *See March*, 2011 WL 4809198, at *4; *see also Karl*, 2011 WL 2792393, at *3.

**2. Diversity Jurisdiction**

Mr. Gogert's second asserted ground for remand, that this court lacks diversity jurisdiction, fails because all of the parties with a stake in the case are citizens of different states, and the amount in controversy exceeds $75,000.00. *See* Fed. R. Civ. P. 1331. Mr. Gogert's sole argument on this point is that both he and RTSC are citizens of Washington. Wells Fargo maintains that diversity jurisdiction exists because RTSC is merely a nominal party. The court agrees with Wells Fargo that RTSC is a nominal party and that diversity jurisdiction exists.

Under 28 U.S.C. § 1332(a)(1) and *TOSCO Corp. v. Communities for a Better Environment*, 236 F.3d 495, 4999 (9th Cir. 2001), complete diversity among the parties is required when bringing an action in federal court on diversity grounds. However, nominal parties to an action do not destroy diversity, and trustees, such as RTSC, are nominal parties. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2000); *see also Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL

4074300, at *3 (W.D. Wash. Sept. 13, 2011). In *Strotek*, the Ninth Circuit stated that "defendants who are nominal parties with nothing at stake may be disregarded in determining diversity." *Strotek*, 300 F.3d at 1333. Trustees in financial arrangements, such as the one at issue in the current case, are nominal parties, and therefore, they do not destroy diversity. *Prasad*, 2011 WL 4074300, at *3.

In *Prasad*, the court considered a motion to remand in a case that is nearly identical to the present action. Just as in this matter, the plaintiff in *Prasad* sued RTSC as the trustee under the deed of trust and Wells Fargo as the beneficiary to quiet title on a piece of real property. *Id*. at *1. Following removal to federal court, the plaintiff filed a motion to remand based on the lack of diversity jurisdiction, citing RTSC's incorporation in Washington. *Id*. The *Prasad* court rejected the plaintiff's argument, stating:

> In short, in Washington, as in other states, unless a plaintiff has made substantive allegations against the trustee, the trustee under a deed of trust is neutral with respect to the plaintiff and defendant and has no interest in the outcome of a lawsuit such as the one at bar. Under these circumstances, the court must treat the trustee as a nominal defendant.

*Id*. at *3. The *Prasad* court found that the plaintiff had made no substantive claims against RTSC because the plaintiff had merely alleged that RTSC had "listed plaintiff's subject property for May 27, 2011 foreclosure, and that it and Wells Fargo lack[ed] any legal power to foreclosure [sic] on plaintiff's subject property." *Id*. (internal quotation marks omitted). Thus, the *Prasad* court concluded that RTSC was a nominal party and that diversity jurisdiction existed. *Id.* at *4.

Mr. Gogert asserts that RTSC is a not a nominal party because, "[u]nder RCW 61.24, the statute governing deed of trust foreclosures, the trustee has certain specific

obligations, including a duty of good faith to the borrower and to perform the steps and requirements dictated by the statute." (Reply to Mot. to Remand at 2.) Mr. Gogert, however, has made no substantive claims against RTSC. His complaint only alleges that RTSC "is not a valid Successor Trustee under the laws of Washington and is prohibited from acting as such." (Comp. ¶ 1.5.) Mr. Gogert has made no further allegations of wrongdoing or filed claims for money damages against RTSC. Thus, like the trustee in *Prasad*, RTSC has no direct stake in the current action and is a nominal party. *See Prasad*, 2011 WL 4074300, at *3. Consequently, complete diversity exists between the parties and remand is not proper on this ground.

**3. Wells Fargo as a Valid Party**

Mr. Gogert's final argument in support of removal is that Wells Fargo misrepresents its status in the current action because it was never properly served. (Reply Mot. to Remand at 1.) Mr. Gogert further asserts that Wells Fargo's waiver of service, which was filed following removal to this court, does not make it a valid party in this action. As discussed in the previous section, however, Wells Fargo has submitted itself to the jurisdiction of this court. Consequently, the court denies Mr. Gogert's motion to remand.

### IV. CONCLUSION

For the forgoing reasons, the court GRANTS Wells Fargo's motion to quash Mr. Gogert's notice of voluntary dismissal (Dkt. # 20) and DENIES Mr. Gogert's motion to remand (Dkt. # 10). Further, the court directs the clerk to renote Wells Fargo's motion to

dismiss and/or for summary judgment (Dkt. # 13) to February 24, 2012.[6] Mr. Gogert may file a responsive brief on or before February 20, 2012, and Wells Fargo may reply on or before February 24, 2012.

Dated this 31st day of January, 2012.

JAMES L. ROBART
United States District Judge

---

[6] As stated above, Mr. Gogert filed his notice of voluntary dismissal in lieu of a response to Wells Fargo's motion to dismiss and/or for summary judgment. In the interest of fully and fairly considering the issues, the court renotes Wells Fargo's motion to allow Mr. Gogert the opportunity to file a responsive brief.