UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS L. GOGERT,<br><br>        Plaintiff,<br><br>    v.<br><br>REGIONAL TRUSTEE SERVICES, INC., et al.,<br><br>        Defendants. | CASE NO. C11-1578JLR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the court on Defendant Wells Fargo, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff Thomas L. Gogert's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (Dkt. # 13). Defendant Regional Trustee Services Corporation ("RTSC") joins in Wells Fargo's motion (Dkt. # 18). Defendant First American Title Insurance Company ("First American") has not been served with a summons and the

ORDER- 1

complaint. Having considered the submissions of the parties, the balance of the record, and the governing law, and no party having requested oral argument,[1] the court: (1) ORDERS Mr. Gogert to SHOW CAUSE within 10 days of the date of this order why the court should not dismiss his complaint against First American for failure to serve within the time frame prescribed by Federal Rule of Civil Procedure 4(m); and (2) GRANTS Wells Fargo's and RTSC's motions for summary judgment (Dkt. ## 13, 18).

## II. BACKGROUND

**A. Factual Background**

The underlying dispute in this action involves a loan provided to Mr. Gogert by World Savings Bank F.S.B. ("World Savings Bank"). On December 12, 2007, Mr. Gogert executed a promissory note to obtain a loan from World Savings Bank in the amount of $375,000.00, which was used to purchase an apartment complex in Shoreline, Washington ("the Property"). (Grissendanner Decl. (Dkt. # 2) Ex. A.) On the same date, Mr. Gogert also executed a deed of trust ("the Deed of Trust") to secure his loan obligations. (Grissendanner Decl. Ex. B.) The Deed of Trust was recorded on December 17, 2007, in King County, Washington. (*Id.*) The trustee listed on the Deed of Trust was

---

[1] Neither Mr. Gogert nor Defendants requested oral argument. Therefore, the court may grant summary judgment without hearing oral argument on the motions. *See* Local Rule W.D. Wash. CR 7(b)(4); *Demarest v. United States*, 718 F.2d 964, 968 (9th Cir. 1983).

ORDER- 2

First American.  (*Id*.)  RTSC was appointed successor trustee pursuant to an Appointment of Successor Trustee recorded on January 18, 2011.  (RTSC Mot. (Dkt. # 18) Ex. A.)[2]

Shortly after Mr. Gogert obtained the loan from World Savings Bank, the bank changed its name to Wachovia Mortgage, F.S.B. ("Wachovia") and subsequently merged into Wells Fargo.  (Grissendanner Decl. ¶ 4.)  Wachovia continues to operate as a division of Wells Fargo known as "Wachovia Mortgage."  (*Id.*)

Following the execution of the loan agreement and the Deed of Trust, Mr. Gogert defaulted on his loan.  (*See* Moore Decl. Ex. A ("Not. of Trustee's Sale") (Dkt. # 3-1) at 3–4.)  On or about March 23, 2011 Wells Fargo or RTSC notified Mr. Gogert of the default.  (*See id.*)  Then, on April 27, 2011, RTSC recorded a notice of trustee's sale in King County, Washington.  (*See generally id*.)  At that time, Mr. Gogert was $23,578.02 in arrears on the loan.  (*See id*. at 3.)  On August 31, 2011, Mr. Gogert filed a complaint against RTSC, World Savings Bank, Wells Fargo, Wachovia, and First American in King County Superior Court to quiet title and restrain the trustee's sale.  (*See generally* Compl.)  Wells Fargo timely removed the action to this court.  (Not. of Removal (Dkt. # 1).)

**B.  The Complaint**

In his complaint, Mr. Gogert alleges that he is the legal owner of the Property.  (Compl. ¶ 1.2.)  He alleges that First American was identified as the trustee in the Deed

---

[2] RTSC asks the court take judicial notice of the Appointment of Successor Trustee. (RTSC Mot. at 2.)  Courts may take judicial notice of public records, *see United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also* Fed. R. Evid. 201, and accordingly, the court grants RTSC's request for judicial notice.

of Trust, that World Savings Bank was named as the beneficiary, and that RTSC claims to be the successor trustee to the Deed of Trust. (*Id.* ¶ 1.4.) Mr. Gogert's complaint does not include any other factual allegations.

Rather, the remainder of the complaint consists entirely of conclusory allegations against Defendants. (*See generally id.*) Mr. Gogert's only allegation against RTSC is that it is not a valid successor trustee under Washington law "and is prohibited from acting as such." (*Id.* ¶ 1.5.) Mr. Gogert alleges that World Savings Bank, Wells Fargo, and Wachovia are not authorized to conduct business in Washington State. (*Id.* ¶¶ 1.6, 1.11, 1.17.) He further alleges that World Savings Bank was never the holder of the promissory note allegedly secured by the Deed of Trust. (*Id.* ¶ 1.7) He similarly alleges that neither Wells Fargo nor Wachovia was an assignee of the Deed of Trust. (*Id.* ¶¶ 1.13, 1.19.) Mr. Gogert also alleges that Wells Fargo's interest in the Property is inferior to his own and should be extinguished. (*Id.* ¶¶ 1.14–1.15.) He alleges further that Wells Fargo does not have a right to foreclose on the Property because it is not a valid holder of any promissory note secured by the Deed of Trust and that Wells Fargo cannot be a beneficiary under Washington law. (*Id.* ¶ 1.16.) Mr. Gogert makes similar allegations against First American, referring to its role as trustee to the Deed of Trust. (*Id.* ¶¶ 1.23–1.27.) He seeks a judgment quieting title and an order restraining "any

further action in connection with any foreclosure on the Deed of Trust," as well as damages, attorney's fees, and costs.[3]  (*Id.* ¶¶ 1, 2, 3.)

**C. Procedural Background**

On December 15, 2011, Wells Fargo filed the motion to dismiss and/or for summary judgment that is currently before the court. (WF Mot. (Dkt. # 13).) RTSC filed a notice of joinder in Wells Fargo's motion and provided supplemental information to the court specifically relating to RTSC. (RTSC Mot. at 2–3.) Mr. Gogert did not file a response to Wells Fargo's or RTSC's motions. Rather, on January 3, 2012, he filed a notice of voluntary dismissal (Dkt. # 19). Wells Fargo filed a motion to quash the notice of voluntary dismissal (Dkt. # 20), which the court granted (Dkt. # 24). The court then renoted Wells Fargo's motion to dismiss and/or for summary judgment to afford Mr. Gogert an opportunity to respond (Dkt. # 24). Mr. Gogert, however, failed to file any response.[4]

---

[3] Wells Fargo states that the foreclosure sale took place on October 28, 2011. (WF Mot. (Dkt. # 13) at 3.)

[4] In the Western District of Washington, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule W.D. Wash. CR 7(b)(2). The court recognizes, however, that "failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). The court bears these rules in mind as it analyzes Defendants' arguments below.

ORDER- 5

### III. ANALYSIS

**A. Mr. Gogert's Claims Against First American**

As an initial matter, the court notes that there is no evidence in the record that Mr. Gogert has served First American with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 4(m) requires that the defendant be served within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). If a defendant is not served within the required time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* If a plaintiff can show good cause why a defendant was not served, the court must grant additional time. *Id.*

More than 120 days have elapsed since Mr. Gogert filed his complaint. Therefore, pursuant to the requirements of Rule 4(m), the court gives Mr. Gogert notice that it will dismiss his claims against First American without prejudice if he does not show cause within 10 days of the date of this order why the court should grant him additional time to serve First American.

**B. Well Fargo's and RTSC's Motions for Summary Judgment**

Wells Fargo moves to dismiss Mr. Gogert's complaint pursuant to Rule 12(b)(6) and/or for summary judgment under Rule 56. (*See generally* WF Mot.) RTSC joins in Wells Fargo's motion and has provided supplemental information relating to RTSC. (*See generally* RTSC Mot.) For the reasons discussed below, the court determines that summary judgment is appropriate and therefore does not consider Wells Fargo's and RTSC's motions to dismiss.

### 1. Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits, when viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). The non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 2. Mr. Gogert's Claims Against Wells Fargo

Mr. Gogert seeks to quiet title and restrain the trustee's sale. (Compl. ¶¶ 1, 3.) More specifically, Mr. Gogert claims that Wells Fargo does not have a right to foreclose on the Property because it is not a valid holder of any promissory note secured by the Deed of Trust and cannot be a beneficiary under Washington law. (Compl. ¶ 1.16.)

1   Under the Washington Deed of Trust Act, "Beneficiary" is defined as "the holder of the
2   instrument or document evidencing the obligations secured by the deed of trust . . . ."
3   RCW 61.24.005(2). Wells Fargo has presented evidence that it holds the original
4   promissory note securing the Deed of Trust and the Deed of Trust and is therefore a
5   beneficiary under Washington law. (*See* Grissendanner Decl. ¶¶ 2, 3.) In addition, Wells
6   Fargo has presented evidence that Mr. Gogert defaulted on his loan, that Wells Fargo or
7   RTSC provided him with notice of that default, and that RTSC recorded the notice of the
8   trustee's sale. (Not. of Trustee's Sale at 2–4; *see also* RCW 61.24.030, 61.24.040) This
9   evidence satisfies Wells Fargo's burden on summary judgment of showing that there is
10  no genuine issue of material fact that Wells Fargo had the right to initiate foreclosure
11  proceedings. Mr. Gogert has not responded or otherwise challenged Wells Fargo's
12  evidence. Accordingly, Wells Fargo is entitled to summary judgment.

13        **3. Mr. Gogert's Claims Against RTSC**

14        Mr. Gogert's only allegation against RTSC is that it is not a valid successor trustee
15  under Washington law and "is prohibited from acting as such." (Compl. ¶ 1.5.) RTSC
16  has provided the court with a copy of an Appointment of Successor Trustee that was
17  recorded on January 18, 2011. (*See* RTSC Mot. at 2, Ex. A.) In that document, Wells
18  Fargo, as beneficiary of the Deed of Trust, appointed RTSC as successor trustee "to have
19  all the powers" of the original trustee. (RTSC Mot. Ex. A.) This satisfies RTSC's
20  summary judgment burden of showing that there is no genuine issue of material fact
21  regarding RTSC's position as successor trustee. *See* RCW 61.24.010 ("Only upon
22  recording the appointment of a successor trustee in each county in which the deed of trust

is recorded, the successor shall be vested with all powers of an original trustee."). Mr. Gogert has not responded or presented any evidence that RTSC is not a valid successor trustee under the Deed of Trust. Therefore, the court grants RTSC's motion for summary judgment.

### IV.   CONCLUSION

For the foregoing reasons, the court: (1) ORDERS Mr. Gogert to SHOW CAUSE within 10 days of the date of this order why his claims against First American should not be dismissed without prejudice pursuant to Rule 4(m); and (2) GRANTS Wells Fargo's and RTSC's motions for summary judgment (Dkt. ## 13, 18).

Dated this 4th day of May, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 9